UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA

| | |
|---|---|
| **RUBY CASTILLO** | **CIVIL ACTION** |
| **VERSUS** | **JUDGE** |
| **E.M. DIMITRI, D.O. PROFESSIONAL MEDICAL CORPORATION** | **STATE OF LOUISIANA** |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, RUBY CASTILLO, plaintiff herein, and for her cause of action files this Plaintiff's Original Complaint against Defendant, E.M. DIMITRI, D.O. PROFESSIONAL MEDICAL CORPORATION ("DIMITRI DERMATOLOGY"), and would respectfully show the Court as follows:

### Jurisdiction and Venue

1. This action is arising under the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et. seq., to recover damages at law, actual and liquidated, to seek compensation and benefits due, in the form of wages and other monetary losses, to enforce the rights available under the terms of the FMLA at law and equity, and to recover costs, reasonable attorney's fees, any reasonable expert fees, as well as interest on all sums as available under the FMLA.  This Court has subject matter jurisdiction under 28 U.S.C. 1331.  Venue lies in the Eastern District of Louisiana under 28 U.S.C. 1391(b)(2).

### Parties

2. Plaintiff is a citizen of the United States and the State of Louisiana and resides in Jefferson, Parish, Louisiana. At all times pertinent herein Plaintiff was an "eligible employee" of Defendant as that term is defined in the FMLA.

3. Defendant is a professional medical corporation and is authorized to do and is doing business in the State of Louisiana. Defendant may be served by serving its registered agent, Elizabeth M. Dimitri, D.O. 2104 Gause Blvd. West, Suite A, Slidell, Louisiana, 70460. Defendant was at all pertinent times herein the "employer" of Plaintiff as that term is defined in the FMLA.

### Statement of Facts

4. Plaintiff began her employment with the Defendant on March 19, 2012.

5. On or about September 13, 2017, plaintiff took FMLA medical leave, in which her doctor released her to go back to work for September 26, 2017, which was within her available twelve weeks of leave.

6. However, plaintiff was terminated from employment on September 25, 2017, one day before she was released to go back to work. Plaintiff should not have been terminated as she was entitled to FMLA leave and was released to go back to work without exhausting twelve weeks of leave. Defendant's actions interfered with Plaintiff's leave rights. Defendant failed to adequately investigate any circumstances before it terminated Plaintiff. Such circumstances warrant a finding that Defendant has acted in willful and reckless disregard for Plaintiff's rights.

7. Plaintiff was entitled to job restoration under the FMLA and Defendant's termination of Plaintiff interfered with Plaintiff's rights, and her termination was in retaliation for Plaintiff exercising those rights.

8. As a result of Defendant's FMLA interference and retaliation, Plaintiff suffered economic injury in the form of past and future lost compensation and benefits, and other monetary losses. Plaintiff seeks recovery of lost compensation and benefits, other monetary losses, as established, and reinstatement or front pay in lieu thereof.

9. Defendant acted willfully in violation of Plaintiff's FMLA rights, and Plaintiff is therefore entitled to additional damages under the FMLA.

10. Because of Defendant's actions, Plaintiff was required to obtain legal assistance to enforce her FMLA rights and is entitled to the recovery of reasonable attorney's fees. Plaintiff seeks recovery of reasonable attorney's fees, any reasonable expert witness fees, and costs as available under the FMLA.

11. Plaintiff also seeks recovery of pre and post judgment interst and costs as allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Defendant be cited to appear and answer herein and that on final hearing the Court enter judgment in favor of Plaintiff and against Defendant for:

A. Wages and benefits under the FMLA;

B. Compensatory damages under the FMLA;

C. Additional liquidated damages under the FMLA;

D. Reinstatement or front pay in lieu of reinstatement under the FMLA;

E. Costs of court and reasonable expert fees under the FMLA;

F. Attorney's fees under the FMLA;

G. Prejudgment and postjudgment interest as allowed by law;

H.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

>Respectfully Submitted:
>*s/Amanda Hilgendorf*
>Amanda Hilgendorf No. 35492
>**MILLER,HAMPTON, & HILGENDORF**
>3960 Government Street
>Baton Rouge, LA 70806
>Telephone: (225) 343-2205
>Facsimile: (225) 343-2870
>Email: amanda@mlhlaw.com