UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RUBY CASTILLO | CIVIL ACTION |
| VERSUS | NO: 19-10888 |
| E.M. DIMITRI, D.O. PROFESSIONAL MEDICAL CORPORATION | SECTION: T(2) |

## ORDER

Before the Court is a Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) [1] filed by E.M. Dimitri, D.O. Professional Medical Corporation ("Defendant"). Ruby Castillo ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion for Judgment on The Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) is **GRANTED**.

## BACKGROUND

This matter arises out of Plaintiff's claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601 against her former employer.[3] Plaintiff was employed by Defendant beginning on March 19, 2012. On September 13, 2017, Plaintiff took FMLA medical leave, and was released to return to work on September 26, 2017. However, on September 25, 2017, the day before Plaintiff returned to work, Defendant terminated Plaintiff. Plaintiff contends she should not have been terminated as she was entitled to FMLA leave and was released to go back to work without exhausting twelve weeks of leave.

---

[1] R. Doc. 11.
[2] R. Doc. 20.
[3] R. Doc. 1.

1

Defendant has moved for judgment on the pleadings contending Plaintiff's claim is barred by the doctrine of judicial estoppel because Plaintiff failed to report her claims against Defendant to the bankruptcy court. On March 22, 2016, Plaintiff commenced Chapter 13 bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Louisiana. On May 10, 2016, Plaintiff filed an amended summary of her assets and liabilities. On May 25, 2016, Plaintiff filed a first amended Chapter 13 plan. Then, on May 26, 2016, Plaintiff filed a second motion to amend her Chapter 13 plan and a second amended plan. The court granted both of Plaintiff's motions to amend and on June 2, 2016, it confirmed Plaintiff's Chapter 13 plan.

On October 24, 2017, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Defendant discriminated and retaliated against her by discharging her employment on September 26, 2017 after she returned to work after having surgery. On October 31, 2017, Plaintiff filed a motion to convert her bankruptcy case from Chapter 13 to Chapter 7, which the court granted. On February 1, 2018, the bankruptcy court entered an Order of Discharge, discharging Plaintiff's debts pursuant to Chapter 7.

The EEOC issued a dismissal and notice of rights letter on May 7, 2018. Plaintiff's bankruptcy case was closed on June 11, 2018. Plaintiff did not disclose to the bankruptcy court or the bankruptcy trustee her pending EEOC charge or her potential claims against Defendant. On June 5, 2019, Plaintiff filed the present lawsuit against Defendant, challenging her separation from employment.

Plaintiff contends that any potential claim against Defendant arose after Plaintiff commenced the bankruptcy action in March of 2016. Therefore, when Plaintiff converted the bankruptcy to Chapter 7, any potential wrongful termination claim that had just arisen was not property of the bankruptcy estate. Accordingly, Plaintiff asserts that any non-disclosure is

inconsequential unless it can be shown that Plaintiff converted the bankruptcy to Chapter 7 in bad faith, which Defendant does not allege.

## **LAW AND ANALYSIS**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).[4] "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."[5] "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] The Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[8]

Defendant argues that Plaintiff is judicially estopped from pursuing this action because she failed to disclose her FMLA claim against Defendant to the bankruptcy court her bankruptcy proceeding. "The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding."[9] "In this way, the doctrine 'protect[s] the integrity of the judicial process.'"[10] "Judicial estoppel is particularly appropriate where ... a party fails to disclose an asset

---

[4] *Doe v. Myspace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008).
[5] *City of Clinton, Ark. v. Pilgrim's Pride Corp.,* 632 F.3d 148, 152-53 (5th Cir. 2010).
[6] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).
[7] *Gentilello,* 627 F.3d at 544 (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949).
[8] *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir. 2005).
[9] *Fornesa v. Fifth Third Mortgage Company*, 897 F.3d 624, 627 (5th Cir. 2018) (quoting *Love v. Tyson Foods Inc*., 677 F.3d 258, 261 (5th Cir. 2012)).
[10] *Fornesa*, 897 F.3d at 627 (quoting *Allen v. C & H Distribs., L.L.C.,* 813 F.3d 566, 572 (5th Cir. 2015)).

to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."[11] "[A]gainst the backdrop of the bankruptcy system ... judicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system."[12]

Judicial estoppel requires proof of the following three elements: (1) the party against whom estoppel is sought has asserted a position plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently.[13] The first element is met when the debtor-plaintiff fails to disclose a potential legal claim in bankruptcy and subsequently pursues that claim.[14] The second element is met where the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.[15] Finally, to establish a defense of inadvertence, a party must prove either: (1) that he or she did not know about the inconsistency; or (2) that he or she lacked a motive for concealment.[16]

In this case, Plaintiff has asserted a position plainly inconsistent with a prior position. In the Fifth Circuit, "the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims."[17] "In a Chapter 13 bankruptcy, the bankruptcy estate encompasses legal claims and causes of action that accrue after the commencement of the [bankruptcy] case but before the case is closed, dismissed,

---

[11] *Fornesa*, 897 F.3d at 627 (*quoting Love*, 677 F.3d at 261-62).
[12] *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 271 (5th Cir. 2015) (*quoting Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011)).
[13] *Fornesa*, 897 F.3d at 627 (citations omitted).
[14] *United States v. Tangipahoa Parish School Board*, 2017 WL 4049596, at *3 (E.D. La. Sept. 13, 2017) (*citing Allen*, 813 F.3d 566; *In re Flugence*, 738 F.3d 126 (5th Cir. 2013)).
[15] *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (*quoting In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999)).
[16] *In re Taxotere,* 2018 WL 5016219, at *4 (*citing Fornesa,* 897 F.3d at 628).
[17] *In re Coastal Plains, Inc*., 179 F.3d 197, 207-08 (5th Cir. 1999) (citing 11 U.S.C. § 521(1) ("The debtor shall-(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs.")).

or converted to a Chapter 7, 11, or 12 bankruptcy proceeding."[18] Thus, Plaintiff was under a continuing duty to promptly disclose the existence of the FMLA claim to the bankruptcy court.

Plaintiff, however, failed to disclose her FMLA claim to the bankruptcy court. Plaintiff commenced her bankruptcy on March 22, 2016. Although Plaintiff filed the instant lawsuit nearly a year after her bankruptcy case was closed on June 11, 2018, Plaintiff became aware of the FMLA claim at least once the EEOC issued a dismissal and notice of rights letter on May 7, 2018. Under clear Fifth Circuit precedent, the first element of judicial estoppel is satisfied where, as here, a party failed to amend a bankruptcy petition to disclose a claim she pursued after filing the petition.

In this case, the bankruptcy court accept Plaintiff's prior position. Judicial acceptance only requires "that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition."[19] In the Fifth Circuit, it is well-settled that the second element is satisfied where a bankruptcy court has confirmed a debtor's bankruptcy plan in reliance on the veracity of his asset schedules.[20] Here, the bankruptcy court accepted Plaintiff's prior inconsistent statements by confirming her bankruptcy plan.

Finally, the record shows that Plaintiff did not act inadvertently in failing to disclose her FMLA claim in her bankruptcy proceeding. Plaintiff clearly had knowledge of the facts giving rise to her undisclosed FMLA claim, when she was terminated on September 25, 2017 and when the EEOC issued Plaintiff's notice of rights letter on May 7, 2018. Therefore, the record shows that Plaintiff did not lack knowledge of the facts giving rise to her undisclosed FMLA claim. Plaintiff has failed to provide any evidence to support that the non-disclosure was inadvertent.

---

[18] *Brunet v. Senior Home Care*, 2015 WL 500901, at *5 (E.D. La. Feb. 5, 2015) (*quoting* 11 U.S.C. §§ 1306(a)(1) & 541(a)(1)).
[19] *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (*quoting In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999)).
[20] *Brunet v. Senior Home Care*, 2015 WL 500901, at *6 (E.D. La. Feb. 5, 2015) (*citing Jethroe v. Omnova Solutions, Inc.,* 412 F.3d 598, 600 (5th Cir. 2005)).

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Judgment on The Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) is **GRANTED**.

**New Orleans, Louisiana**, on this 7th day of April, 2020.

_____
**GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE**